UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THOMAS H. MARSDEN | : |
| | : |
| v. | : C.A. No. 05-524A |
| | : |
| JO ANNE B. BARNHART, | : |
| Commissioner, Social Security | : |
| Administration | : |

**MEMORANDUM AND ORDER**

This matter is before the Court on the request of Plaintiff Thomas H. Marsden ("Plaintiff") for judicial review of the decision of the Commissioner of Social Security ("the Commissioner") denying Plaintiff's application for Disability Insurance Benefits ("DIB") under Title XVI of the Social Security Act ("the Act"). Defendant Jo Anne B. Barnhart ("Defendant") has filed a Motion under sentence four of 42 U.S.C. § 405(g) for entry of a judgment reversing her decision and remanding this case for further administrative proceedings.

With the consent of the parties, this case has been referred to me for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. Based upon my review of the record and the legal memoranda filed by the parties, I conclude that Defendant's Motion should be GRANTED and the matter remanded to the Commissioner for further administrative proceedings.

**Facts and Travel**

Plaintiff is a forty-four year old man with an eighth grade education. Compl. ¶ 11. The Complaint alleges disability as a result of chronic, severe pain from degenerative disc disease and

depression. See id. ¶ 10. Plaintiff has past work history for the past fifteen years as a truck driver, machine operator and truck loader. See id. ¶ 12.

On August 2, 2001, Plaintiff filed an application for DIB, which was denied initially and on reconsideration. See id. ¶ 4. Plaintiff then filed a timely request for a hearing before an administrative law judge ("ALJ"), which was subsequently held in Providence, Rhode Island. See id. ¶ 6. Plaintiff and his counsel were present for the hearing. See id. ¶ 6. The ALJ issued an unfavorable decision on May 24, 2004, which Plaintiff appealed to the Appeals Council. See id. ¶¶ 7, 8. According to Plaintiff's Complaint, the Appeals Council on October 18, 2005, sent Plaintiff a letter stating that the ALJ's denial of benefits had been affirmed, thereby rendering the ALJ's decision the final decision of the Commissioner. See id. ¶ 8,

Plaintiff filed a timely Complaint in this Court on December 19, 2005. On July 24, 2006, Defendant's Assented-to Motion for Voluntary Remand Under Sentence Four of 42 U.S.C. § 405(g) was filed.

### Discussion

According to sentence four of Section 205(g) of the Act, "this court has the authority to enter "a judgment...reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Defendant requests that the matter be remanded for rehearing so that the ALJ may reassess the medical source opinions with respect to the severity and functional impact of Plaintiff's mental impairment, reassess the severity of Plaintiff's mental impairment in accordance with 20 C.F.R. § 404.1520a, re-obtain medical expert testimony to address the severity of Plaintiff's mental and physical impairments and to consider whether the combination of Plaintiff's physical and mental impairments meet or equal the criteria of any of the

impairments listed in 20 C.F.R. Part 404, Subpt. P, App. 1; reassess Plaintiff's credibility consistent with 20 C.F.R. § 404.1529 and Social Security Ruling ("SSR") 96-7p; proceed through the sequential evaluation process, reassessing Plaintiff's residual functional capacity consistent with SSR 96-8p by providing rationale with specific reference to evidence of record in support of the assessed limitations; and, if necessary, obtain vocational expert testimony. This Court agrees that remand to consider such issues is appropriate, and Defendant represents in its Motion that Plaintiff's counsel has assented to such remand.

## Conclusion

For the reasons stated above, Defendant's Motion (Document No. 7) is GRANTED and the matter remanded to the Commissioner for further administrative proceedings as detailed above. The Clerk shall enter Final Judgment for Plaintiff in accordance with this Reversal and Remand ORDER.

LINCOLN D. ALMOND
United States Magistrate Judge
August 18, 2006